UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN VANOVER,

    Plaintiff,

v.                                           CASE NO. 8:14-cv-1227-T-23MAP

MIREAULT LAW GROUP, LLC,

    Defendant.
_____/

**ORDER**

On March 11, 2015, the clerk entered (Doc. 22) a default against the defendant. A May 7 order (Doc. 24) directs the plaintiff to move for default judgment. The plaintiff moved (Doc. 25) for default judgment, but a May 20 order (Doc. 26) denies the motion because "the motion contains no memorandum of law, and a review of the complaint offers little help." The order explains:

> The plaintiff may move again for a default judgment against the defendant. For each count that justifies default judgment, the motion should identify the specific statutory section(s) on which the claim alleged in the count is based, should identify the elements of the claim that the count alleges, and should cite the allegations of fact that establish each element of the count.

(Doc. 26 at 1–2) In a footnote, the order further explains:

> [T]he motion should differ from Count I, which argues only generally that the defendant violated 47 U.S.C. § 227. Section 227 occupies nine pages of the United States Code. Further, even the citation in the "Prayer for Relief" to Section 227(b)(3) is insufficient. Section 227(b)(3) creates a private right of action and sets statutory

        damages for a violation of Section 227(b). The complaint cites no
        specific component of Section 227(b) that the defendant violated.

(Doc. 26 at 2 n.*) The plaintiff moves (Doc. 27) for "default as to liability." The careless[1] motion flouts the May 20 order and fails to demonstrate a right to default judgment.

For Count I, the plaintiff's motion states, "The complaint invoked the Telephone Consumer Protection Act, 47 U.S.C. 227 and statutory damages under 47 U.S.C. 227(b)(3)." (Doc. 27 at 1) Neither citation is specific enough to permit entry of a default judgment. Section 227 occupies nine pages of the United States Code, contains more than 5,500 words, and has eight sub-sections (each of which is further divided).[2] Further, the plaintiff's citation to Section 227(b)(3) is confusing and insufficient. Section 227(b)(3) states:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State —
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

---

[1] For example, the motion asks for default rather than default judgment. The clerk has already entered a default against the defendant. Instead, the plaintiff should have labeled the motion as a request for default judgment. Also, the motion twice switches font size, once on the first page in the middle of a sentence.

[2] For reference, this order contains approximately 1,200 words.

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

As described in Sections 227(b)(3)(A) and (b)(3)(B), an action under Section 227(b)(3) requires the plaintiff to allege a violation of Section 227(b) (or a Section 227(b) regulation), but the complaint and the motion for default judgment argue only that the defendant violated Section 227. Only a violation of Section 227(b) (or a Section 227(b) regulation), not a violation of any other subsection of Section 227, can form the basis of an action under Section 227(b)(3). But, even if the plaintiff's citation to Section 227 is construed as a citation to Section 227(b), the citation remains insufficient. The remainder of Section 227(b) exceeds 1,300 words. The plaintiff has failed — in the complaint, in the first motion for default judgment, and in the second motion for default judgment — to cite a specific portion of Section 227(b).[3]

---

[3] The complaint (but not the motion for default judgment) requests "[s]tatutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3)." However, Section 227(d)(3) creates no statutory damages. The section states:

> The Commission shall prescribe technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice message via telephone. Such standards shall require that —
>
> (A) all artificial or prerecorded telephone messages
>
> (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and

(continued...)

For Count II, the plaintiff states, "Plaintiff sought [in the complaint] statutory damages and attorney fees under . . . the Fair Debt Collection Act, 15 U.S.C. 1601 and 1692(k)." (Doc. 27 at 1–2)  Section 1601 is not part of the Fair Debt Collection Practices Act.[4]  Further, as the section's title states, Section 1601 identifies "[c]ongressional findings and declaration of purpose," not law that can form the basis of an action.  Also, Section 1692k contains many subsections.  A review of Section 1692k suggests that the plaintiff intends to cite Section 1692k(a), which creates a cause of action for a violation of "any provision" of the Fair Debt Collection Practices Act "with respect to" the plaintiff.  But, because a claim under Section 1692k(a) must allege a violation of a provision within Sections 1692–1692k, the plaintiff's citation to Section 1692k is insufficient.

For Count III, the plaintiff states, "Plaintiff sought statutory damages and attorney fees under Chapter 559 of the Florida Statutes, including Chapter 559.72 and 559.77." (Doc. 27 at 1–2)  Chapters 559.72 and 559.77 together contain twenty-

---

(...continued)
        (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual; and

        (B) any such system will automatically release the called party's line within 5 seconds of the time notification is transmitted to the system that the called party has hung up, to allow the called party's line to be used to make or receive other calls.

[4] The Fair Debt Collection Practices Act spans 15 U.S.C. §§ 1692–1692p.

- 4 -

four sections and more than 1,250 words.  For the reasons discussed above, a citation to Chapters 559.72 and 559.77 is imprecise and insufficient.

In addition to failing to cite specific statutes, the motion for default judgment fails to otherwise comply with the May 20 order.  Most importantly, the motion contains no citation to the record.

The plaintiff's motion (Doc. 27) for default judgment is **DENIED**.  No later than **JULY 8, 2015**, the plaintiff may move again for a default judgment.  For each count that justifies default judgment, the motion (1) must identify the specific statutory section(s) on which the claim alleged in the count is based, (2) must identify the elements of the claim that the count alleges, and (3) must cite specific paragraphs in the complaint that establish each element of the count.  **Failure to comply with this order will result in dismissal of this action.**

ORDERED in Tampa, Florida, on June 10, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE